STATE OF NORTH CAROLINA v. JOHN TENORE

No. 714SC55

(Filed 26 May 1971)

**Obscenity— topless dancing — quashal of warrant — reversal by Court of Appeals**

 The Court of Appeals reverses the quashal of a warrant charging that a tavern owner permitted a female dancer to expose her breasts on his premises, the trial judge having quashed the warrant on the grounds that (1) the section of the ordinance prohibiting such exposure violates both the federal and the State Constitutions; (2) the ordinance is vague and ambiguous; and (3) the warrant failed to state a proper cause of action.

 Judge PARKER dissents.

APPEAL by the State from *Copeland, S.J.,* 21 September 1970 Special Criminal Session of Superior Court held in ONSLOW County.

Defendant was charged with the violation of Section 1-B of an Onslow County ordinance, entitled "An Ordinance Making it a Misdemeanor to Permit Recreations, Amusements, Exhibitions and Entertainment Detrimental to the Public Good." Defendant was found guilty in the district court and appealed to the superior court. When the case was called for trial in the superior court, the defendant's motion to quash was allowed. The State appealed.

*Attorney General Robert Morgan by Assistant Attorney General Mrs. Christine Y. Denson for the State.*

*Turner and Harrison by J. Harvey Turner for defendant appellee.*

VAUGHN, Judge.

The Onslow County ordinance is as follows:

AN ORDINANCE MAKING IT A MISDEMEANOR TO DO OR PERMIT RECREATIONS, AMUSEMENTS, EXHIBITIONS AND ENTERTAINMENT DETRIMENTAL TO THE PUBLIC GOOD

PREAMBLE: That whereas, it is the opinion of the governing body of Onslow County and in the interest of public morals, welfare and public good of the citizens of Onslow County, and especially for the benefit of our youth and young peo-

State v. Tenore

ple residing in Onslow County, to prohibit certain recreations, amusements, exhibitions and entertainment;

BE IT ORDAINED by the Board of Commissioners of Onslow County:

SECTION 1. Presentation of an obscene or nude play, dance, exhibition or other performance or exhibition of private parts of a person creating a lewd, lascivious, or lustful atmosphere.

(A) DEFINITION OF TERMS.

As used in this section:

(1) "Nude" or "Nudity"—means the showing of the human male or female genitals, public [sic] area or buttocks with less than a full opaque covering, or the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the complete nipple area including the areola.

(2) "Private Parts"—As used herein, private parts shall include not only male and female genitals but shall also include the breasts of a physically developed female.

(3) "Obscene" or "Obscenity"—A thing is obscene if considered as a whole; its predominant appeal is the prurient interest, i.e.,

(a) A shameful or morbid interest in nudity, sex or excretion and it goes substantially beyond customary limits of candor in description or presentation of such matters; and

(b) Is patently offensive to prevailing standards in the adult community as a whole; and

(c) Is utterly without redeeming social importance.

(B) PRESENTATION OF OBSCENE OR NUDE PLAY, DANCE, EXHIBITION, OR OTHER PERFORMANCE:

Any person who in any place willfully exposes or shows any obscene or nude play, dance, exhibition or other performance in the presence of one or more persons of the opposite sex or who aids or abets in any such act or who

procures another to so perform or takes part in such exhibition or performance where such obscene or nude play, dance, exhibition or other performance is conducted in any public place, street, highway or other public or private place the public is invited; or any person who as owner, manager, lessee, director, promoter, or agent permits the premises over which he has control to be used for any such purposes of obscenity and nudity, shall be guilty of a misdemeanor.

(C) INDECENT PUBLIC EXPOSURE:

Any person who shall willfully make any indecent public exposure of the private parts of his or her person in any public place, street, or highway shall be guilty of a misdemeanor.

SECTION 2. Separate Violations.

Each violation of this Ordinance shall constitute a separate offense.

SECTION 3. Penalty.

Any person found guilty of violation of this Ordinance shall be punishable by a fine not to exceed $50.00 or imprisonment not to exceed thirty (30) days.

SECTION 4. Severability.

If any section or provision of this Ordinance shall be held invalidation [sic] shall not affect the remaining or other sections or provisions to the end that provisions of this Ordinance are severable.

SECTION 5. Effective date of Ordinance.

This Ordinance shall become effective at the end of twenty (20) days following date of Publication of this Ordinance in compliance with N. C. G.S. 153-9 (55).

The defendant was charged in a warrant as follows:

"The undersigned, W. C. Jarman, being duly sworn, complains and says that at and in the county named above and on or about the 21st day of May, 1970, the defendant named above did unlawfully, wilfully, in that John Tenore as owner, manager, director and promoter did permit on

the premises of the Tempo Lounge, over which he has control, a nude and obscene dance, exhibition, or and performance of one Virginia P. Lewis, a female person, in the presence of one or more male persons wherein she showed her breasts with less than a fully opaque covering of portions thereof below the top of the complete nipple area including the areola, said Tempo Lounge being a public or private place to which the public is invited.

"The offense charged here was committed against the peace and dignity of the State and in violation of law Section 1-B, An Ordinance making it a misdemeanor to permit recreations, amusements, exhibitions and entertainment detrimental to the public good (Onslow County)."

The record discloses that the trial judge based his allowance of the motion to quash on the following:

1. That Section 1-B upon which warrant is based is in violation of the United States Constitution and the Constitution of North Carolina.

2. The ordinance is vague and ambiguous.

3. The warrant fails to state a proper cause of action.

We hold that the trial court erred in allowing the motion to quash.

Reversed.

Chief Judge MALLARD concurs.

Judge PARKER dissents.